IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SHASSIDY QUARTARO                                                                    PLAINTIFF

vs.                                                                              No. 1:04CV175-D-D

FRED'S STORES OF TENNESSEE, INC.                                            DEFENDANT

ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR SUMMARY JUDGMENT

Presently before the court is the Defendant's motion for summary judgment. Upon due consideration, the court finds that the motion should be granted in part and denied in part.

The Plaintiff in this employment action has asserted, *inter alia*, claims for Title VII gender discrimination and religion discrimination in connection with her termination from employment as a part-time cashier/store clerk with the Defendant. The Defendant has filed a motion seeking an entry of summary judgment as to the Plaintiff's claims.

In her response to the Defendant's motion, the Plaintiff does not oppose the Defendant's motion as to her state law claims for discharge in violation of Mississippi public policy. As such, the court finds that no genuine issue of material fact exists and the Defendant is entitled to judgment as a matter of law on this claim.

In addition, the court finds that the Defendant's motion as to the Plaintiff's Title VII gender discrimination claim should be granted because the Plaintiff has failed to establish a *prima facie* case of gender discrimination. In order to make out a *prima facie* case of gender discrimination under Title VII, the Plaintiff must present evidence that she (1) was a member of a protected class; (2) was qualified for her position; (3) was subjected to an adverse employment action; and (4) was treated less favorably than a similarly-situated male employee. Septimus v. University of Houston, 399 F.3d

601, 609 (5th Cir. 2005). Here, the court finds that the Plaintiff has failed to establish the fourth element of the above test, and thus cannot make out a *prima facie* case of gender discrimination. Specifically, the Defendant asserts that the Plaintiff was terminated for missing a mandatory employee meeting and store-wide clean up session on Sunday, August 4, 2002. The Plaintiff asserts that a male employee, Will Nabors, also missed the meeting/cleaning session but was not terminated. The Defendant has presented undisputed evidence, however, in the form of a declaration from Nabors as well as official employment records from the store in question, proving that Nabors was in fact terminated on Saturday, August 3, 2002, for failing to report to work. Thus, the Plaintiff cannot prove that she was treated less favorably than a similarly situated male employee, and her *prima facie* case of gender discrimination fails as a matter of law. As such, the court finds that no genuine issue of material fact exists as to this claim and the Defendant is entitled to judgment as a matter of law.

As for the Plaintiff's remaining claim for Title VII religion discrimination, the court finds that the Defendant's motion for summary judgment should be denied. The Defendant has failed to show that it is entitled to judgment as a matter of law. In any event, the court has the discretion, which it exercises here, to allow this claim to proceed to trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986) ("Neither do we suggest ... that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.").

THEREFORE, it is hereby ORDERED that the Defendant's motion for summary judgment (docket entry 23) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to the Plaintiff's state law claim for discharge in violation of Mississippi public policy, and as to the

Plaintiff's Title VII gender discrimination claim, and those claims are DISMISSED WITH PREJUDICE. The Defendant's motion is DENIED in all other respects.

SO ORDERED, this the 3rd day of October 2005.

/s/ Glen H. Davidson
Chief Judge